IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLINGTON INDUSTRIES, INC., | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 3:CV-06-1105 |
| v. | : |
| | : (JUDGE CAPUTO) |
| BRIDGEPORT FITTINGS, INC., | : |
| Defendant. | : |

**MEMORANDUM**

Before me is Plaintiff Arlington's motion to stay the proceedings pending a final determination by the U.S. Patent and Trademark Office ("PTO") regarding the *inter partes* reexamination of the '831 Patent. (Doc. 138.) Plaintiff brought this motion on February 7, 2008, pursuant to 35 U.S.C. § 318 and Local Rule 7.1.

Defendant Bridgeport initiated the *inter partes* reexamination proceeding, and it was granted in April of 2007.

Any third-party may at any time, file a request with the PTO for *inter partes* reexamination of a patent on the basis of any prior art. U.S.C. § 311(a).[1] A request for reexamination will be granted if there is "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." 35 U.S.C. § 312(a); 35 U.S.C. § 313. At the end of the reexamination process, " when the time for appeal has expired or any appeal proceeding has terminated, the Director shall issue and publish a certificate canceling any claim of the

---

[1] Chapter 31 of Title 35, United States Code applies because the PTO proceeding is an *inter partes* reexamination.

patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable." 35 U.S.C. § 316(a).  A patent owner or third-party requester may take an appeal from the Director's decision.  35 U.S.C. § 315.  Only after the time for appeals has expired or the appeals terminated may the PTO issue a reexamination certificate.

> Section 318 provides:
>
>> Once an order for inter partes reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

35 U.S.C. § 318.  In determining whether to grant a stay of patent litigation, the Court must consider: "(1) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set." *In re Laughlin Prods., Inc.*, 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003).   The court in *Laughlin Products* also considered the impact that the reexamination proceedings would have on the pending litigation.

In *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983), the Federal Circuit Court of Appeals considered the appeal of a stay of proceedings ordered by the district court, pending the conclusion of a reexamination by the PTO.  In finding that the district court did not abuse its discretion in ordering a stay, the court noted that

> [t]he present stay is not for such a protracted or indefinite period

> as to render its issuance an abuse of discretion. "[R]eexamination proceedings . . . including any appeal to the Board of Appeals, will be conducted with special dispatch. . . ." Assuming the PTO decision on reexamination is adverse to the patent holder and may therefore be appealed to this court, the stay would not be for a protracted or indefinite period of sufficient length to render its issuance a "final" decision.

*Id.* at 1341 (quoting 35 U.S.C. § 305).[2]   The court noted that "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Id.* at 1342.  The court further held that Congress did not expressly provide for a stay of court proceedings, because

> It is believed by the committee that *stay provisions are unnecessary in that such power already resides with the Court* to prevent costly pretrial maneuvering which attempts to *circumvent* the reexamination procedure. It is anticipated that these measures provide a useful and necessary *alternative* for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.

*Id.* (quoting H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), U.S.Code Cong. & Admin. News 1980, pp. 6460, 6463) (emphasis added in *Gould*).  Thus, "[w]hen a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved." *Id.*

As noted, Bridgeport, the Defendant, initiated the *inter partes* reexamination proceeding, while Plaintiff Arlington is the party requesting the stay.  The type of reexamination - *inter partes* versus *ex parte* - is an important consideration in determining

---

[2]   An *inter partes* reexamination is also conducted with special dispatch.  35 U.S.C. § 314(c).

whether to grant a stay. Similarly, it is important to consider whether the party who requested the stay is the same party who requested reexamination. The decision to grant a stay is within the discretion of the trial judge, and a stay should be granted unless the court finds it is not within the interests of justice.

### I. Undue Prejudice

The first consideration is whether the granting of a stay would cause undue prejudice to the non-moving party.

Defendant argues that the granting of a stay would result in undue prejudice, as the reexamination is time consuming and could take several years. Defendant Bridgeport further claims undue prejudice based on the increase in potential liability and cloud of uncertainty over their operations during the time of the reexamination. Furthermore, Defendant notes that undue prejudice would occur because it has already expended substantial resources on the case. Finally, Defendant claims that Plaintiff is requesting a stay based upon tactical advantage.

This case is rather different than many of the cited cases based upon which parties have requested the reexamination and which have moved for a stay. In many cases, the same party moves for both reexamination and for the stay. However, in this case, Defendant Bridgeport is the party that requested reexamination, and Plaintiff Arlington is the party that moved for the stay. Courts will often deny a stay when the same party requests reexamination and a stay at the same time, finding that there would be undue prejudice to the non-moving party, and that the party requesting a stay has delayed requesting either the stay or the reexamination for a tactical advantage.

In *Gladish v. Tyco Toys, Inc.*, 29 U.S.P.Q.2d 1718 (E.D. Cal. 1993), the plaintiff moved to stay pending reexamination of prior art references not considered by the PTO in its initial examination process. The court in this case found that defendant Tyco had shown undue prejudice. *Id.* at *2. The court noted that the plaintiff had engaged in extensive discovery of the defendant, and that discovery had reached the point of depositions. *Id.* at *2. The court found that the issue of dates was crucial, and that the witnesses may become unavailable, their memories may fade, and evidence could be lost pending a stay for the reexamination hearings. *Id.* at *2. The court further noted that validity would remain an issue in the cases even after the decision on prior publication. *Id.* Finally, the court noted that "Tyco has a strong interest in concluding this lawsuit without delay. The reexamination procedure can take a year and involve appeals before appellate tribunals of the PTO and the Court of Appeals for the Federal Circuit. Tyco's customers apparently are informed that plaintiff claims infringement; its biggest customer, Toys R Us, is also named as a defendant." *Id.* at *3. Therefore, the court considered the effect that the stay would have on the defendant and its market.

In this case, Defendant Bridgeport claims that there could be a "cloud" over Bridgeport's products if the case is stayed. Whether there is empirical evidence via impact on sales is difficult to determine, as Bridgeport's product is new, and could have increased sales given resolution of this patent issue. Although Plaintiff claims Bridgeport's sales have increased, that does not necessarily mean that they could not have sold more given a resolution of the patent issue.

Furthermore, there is an argument that the motion for stay was done for tactical

advantage. Defendant Bridgeport requested reexamination in January of 2007, which was granted in April of 2007. However, Plaintiff waited until February of 2008 to file a motion for stay. Therefore, such delay could evidence that the motion to stay was filed for tactical advantage. Furthermore, there has been no guidance from the PTO as to how much longer the reexamination process would take. *Cooper Tech. Co. v. Thomas & Betts Corp.*, No. Civ. A. 2:06-CV-242, 2008 WL 906315 (E.D. Tex. Mar. 31, 2008) (finding that the potential delay for an indefinite period of time would likely prejudice the non-moving party). The PTO is to act with special dispatch, and tries to act expeditiously when a stay is pending litigation, however, this is not a guarantee that the reexamination process will move quickly.

### II. Simplification of the Issues

The second consideration as to whether to grant a stay is the simplification of the issues. Here, Defendant argues that a stay would not simplify the issues, as only one patent, the '831 Patent, is subject to reexamination. The '050 Patent is not subject to reexamination at this time. Defendant Bridgeport has specifically moved for summary judgment regarding the validity of the '831 Patent and the effective date of the '831 Patent. (Doc. 111.) Bridgeport argues that the filing date of Claim 1 of the '831 Patent is August 29, 2001, and that the patent is invalid based upon Arlington's sales of duplex connectors prior to that date. These same issues raised in the summary judgment motion are currently pending before the PTO in the *inter partes* reexamination. The *inter partes* reexamination was ordered on April 13, 2007, and both Arlington and Bridgeport have filed responses. Therefore, there would be some simplification of the issues, as the PTO prepares to decide the issue. However, the PTO will only examine the validity of the '831 Patent based upon

6

prior art, and will not consider other grounds of invalidity or unenforceability, such as inequitable conduct.

In *Tomco Equip. Co. v. SE Agri-Systems, Inc.*, –F. Supp. 2d –, 2008 WL 489005 (N.D. Ga. Feb. 19, 2008), defendant moved to stay after it had filed an *inter partes* reexamination request. *Id.* at *1. *Id.* In granting the motion, the court noted that "[r]eexamination allows the PTO to reconsider the validity of an existing patent. Upon reexamination, the patent may be upheld, amended, or invalidated." *Id.* at *2 (citing 35 U.S.C. §§ 301, 307). In rendering this decision, the court considered the difference between *ex parte* and *inter partes* reexaminations by the PTO. *Id.* Specifically, the court noted that

> [a]n inter partes reexamination, in contrast to the ex parte. reexamination, provides a third party the right to participate in the reexamination process. The results of the reexamination are thus binding on the third party requester in any subsequent or concurrent civil action. Therefore, here, defendant may not relitigate any issue addressed by the PTO.

*Id.* (citing U.S.C. §§ 314, 315). Because of the *res judicata* effect of an *inter partes* reexamination, the court found that the issues would be simplified. *Id.* at *5. The court also noted that it would be wise to allow the PTO to reexamine the case, as the PTO has technical expertise that could guide the court in its decision. *Id.*

In *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, No. 4:03-CV-40493, 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004), the defendant moved to stay pending an *ex parte* reexamination, which had recently been granted. In granting the motion, the court considered the advantages that may result from a stay of the district court proceedings pending completion of reexamination by the PTO. *Id.* at *3. These advantages included:

1. All prior art presented to the Court will have been first considered

>    by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
>
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.
>
> 7. The cost will likely be reduced both for the parties and the Court.

*Id.* (quoting *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, No. Civ. A. 85 C 7565, 1987 WL 6314 at *2 (N.D. Ill. Feb. 2, 1987)).  Therefore, there are numerous potential advantages to staying a litigation.  However, the court did note that there are also potential disadvantages to the granting of a stay, such as prejudice and delay.

In *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030 (C.D. Cal. 2005), the court denied the defendant's motion to stay pending an *ex parte* reexamination.  In that case, the court noted that a stay will always simplify the issues to some extent. *Id.* at 1032.  Therefore, "when reexamination potentially will eliminate only one issue out of many, a stay is not warranted." *Id.*  In *IMAX*, even if the PTO eliminated all claims on the '294 Patent, the court would still be required to address the counterclaims by the defendant, some of which were completely unrelated to the patent claim.  *Id.*  (where claims included (1) non-infringement; (2) invalidity of the '294 Patent; (3) misuse; (4) laches; (5) estoppel; (6) inequitable conduct; and counterclaims for (7) declaratory relief of non-infringement; (8) invalidity/unenforceability;

8

(9) violation of California Business and Professions Code; (10) False Designation of Origin under the Lanham Act; (11) breach of contract; (12) intentional interference with prospective economic advantage; and (13) common law unfair competition).  Defendant also cites *Cognex Corp. v. Nat'l Instruments Corp.*, No. Civ. A. 00-442JJF, 2001 WL 34368283 (D. Del. June 29, 2001) for the same proposition.  In *Cognex*, the court was also faced with copyright and trademark issues, as well as the patent infringement claim.  Therefore, when there are numerous outstanding claims unaffected by the reexamination hearing, courts are less willing to grant a stay.

In this case, there would be simplification of at least one patent - the '831 Patent. Some of the same issues are before the PTO as before this Court regarding the '831 Patent. The expertise of the PTO would aid the court in its decision, and more importantly the Congressional policy of allowing the expertise of the PTO to rule in patent matters would be given appropriate recognition. Furthermore, the *inter partes* reexamination has a *res judicata* effect, and could reduce the number of issues before the Court, thereby further simplifying or narrowing the issues before the Court.

### III.  Discovery and Trial

In this case, discovery has been completed, and the case is set for the July trial list. Five (5) summary judgment motions are pending, as is a motion to strike an expert report. However, the fact that discovery is completed is not dispositive in determining whether to grant a stay.

The *Middleton* case is the most compelling in favor of the Plaintiff, in which the District Court for the Southern District of Iowa considered similar circumstances. *Middleton*,

2004 WL 1968869, at *5. In *Middleton*, the summary judgment motions were fully briefed, and discovery was essentially complete. *Id.* The *Middleton* plaintiff argued that a stay would only delay final resolution of the matter. *Id.* The court noted that "[a]t least one court found the fact that discovery is complete and the case set for trial has been found to be the most compelling reason to justify denial of a motion to stay pending reexamination by the PTO." *Id.* (citing *Enprotech Corp. v. Autotech Corp.*, No. 88 C 483, 1990 WL 37217, at *1-2 (N.D.Ill. March 16, 1990)). The *Middleton* litigation was ongoing for eight (8) years. *Id.* Discovery was complete, summary judgment motions were pending, and the court noted that the parties were likely well into their trial preparation. *Id.* However, the court still found that judicial economy required a stay, because it would prevent duplication of effort, the reexamination would simplify and narrow issues, and the court would benefit from the expertise of the PTO. *Id.* In making this decision,

> [t]he Court acknowledge[d] the considerable expense already endured by the parties in the present action but note[d] that these costs will not be recouped by denying a stay and proceeding to a trial. This may actually compound the parties' expenses if some or all of the issues need to be retried later as a result of the reexamination. . . . It is simply not efficient to rule on three motions for summary judgment, complete pretrial, and hold a full jury trial if all or part have to be redone. The apparent scope of the reexamination, the technical expertise of the PTO, and the relationship to the issues in this case suggest to the Court a great likelihood that the continuing work of this Court would be impacted by the reexamination. The judicial efforts that a stay would preserve outweigh any additional cost in staying the proceedings even at this late juncture.

*Id.*

The District Court for the District of Colorado in *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784 (D. Colo. 2007) similarly granted a motion to stay made by the

10

defendant pending an *inter partes* reexamination. In discussing the potential simplification of the issues, the court held that simplification weighed in favor of a stay. *Id.* at 787. The court noted that with a stay, the court would have an expert opinion on summary judgment motions, or the claims will be extinguished. *Id.* at 787-88. The trial date had not been set, but discovery was at or near completion. *Id.* at 788. However, the court held that completed discovery does not necessarily counsel against a stay. *Id.* In holding that completed discovery did not necessitate a stay, the court considered an Eastern District of Michigan case with similar facts.

> This action has been pending for less than a year. Undoubtably the parties have considerable time and resources thus far-substantial discovery has been spent conducted and the parties have submitted witness lists and three lengthy summary judgment motions. Yet far more time and resources remain to be spent before this matter is concluded. Two responses to motions for summary judgment must be submitted, the Court has not begun to review those motions, and much remains to be done by the parties and the Court to prepare this case for trial.

*Id.* (quoting *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc.*, 68 U.S.P.Q.2d 1755, 1758 (E.D.Mich.2003)). As the stay was in the interest of justice, the court granted the stay.

However, courts have also found that the completion of discovery and the setting of a trial are reason to deny a motion to stay. In *Ecolab, Inc. v. FMC Corp.*, No. 05-CV-831 (JMR/FLN), 2007 WL 1582677 (D. Minn. May 30, 2007), the District Court for the District of Minnesota denied a stay pending reexamination when "[t]he case has been litigated for more than two years, resulting in 274 docket entries. All disputed claims have been construed; discovery is closed; expert opinions have been rendered; and summary judgment on validity

11

and infringement has been denied. Nothing is left but to try the case." *Id.* at *2. There, summary judgment had been decided. Such is not the case here.

Similarly, the court in *Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1998 WL 1037920 (M.D.N.C. Dec. 17, 1998) denied a stay pending reexamination. In *Remington*, the court held that a stay would not be judicially efficient, as "Discovery has closed, a trial date has been set, and both parties have submitted dispositive motions which are presently pending before the court. . . . Because a reading of the record suggests to the court that considerable monies have already been expended, staying the proceedings would only result in a waste of time and judicial resources, especially at this late stage of the litigation." *Id.* at *2. The *Remington* stay was also denied based upon the fact that the Defendant filed both the motion to stay and the request for reexamination after the briefing of dispositive motions, the close of discovery, and the setting of a trial date.

### IV. Conclusion

In weighing the factors *vis a vis* the '831 Patent, while I believe it is a close call, the factors weigh in favor of a stay.

(1) Bridgeport filed for the reexamination before the PTO. While I understand its opposition to the stay, it nevertheless selected the PTO as a forum despite the pendency of this suit.

(2) The issues would be simplified by the resolution by the PTO and its consequent *res judicata* effect.

(3) The cloud over the Bridgeport product is largely speculative and I have no basis

12

to make a finding in this regard.  Moreover the pendency of the PTO proceedings and Civil Action 3:05-CV-2622, both initiated by Bridgeport can be no less an influence in creating the cloud on the product than this suit by Arlington.

(4) Any delay which causes the unavailability of witnesses through memory loss or otherwise can be preserved by deposition.

(5) The cost of a trial will be reduced for both parties.

(6) The Congressional policy evidenced in 35 U.S.C. § 318 will be recognized, *viz* the expertise of the PTO in patent matters will be brought to bear in the decision making process on patents; its area of expertise.

I conclude the stay should be granted as to the '831 Patent.

The '050 Patent is unaffected by the reexamination of the '831 Patent.  I will therefore not grant the stay of this action, as it concerns the '050 Patent.  *See Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612 (E.D. Tex. 2007) (granting a stay regarding patents pending in *inter partes* reexamination, but denying a stay to patents pending an *ex parte* reexamination).

An appropriate Order follows.


Date: June 27, 2008                          /s/ A. Richard Caputo
                                                       A. Richard Caputo
                                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLINGTON INDUSTRIES, INC., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:CV-06-1105 |
| v. : | |
| : | (JUDGE CAPUTO) |
| BRIDGEPORT FITTINGS, INC., : | |
| : | |
| Defendant. : | |

## ORDER

**NOW**, this ___27TH___ day of June, 2008, Plaintiff's Motion to Stay Proceedings,

(Doc. 138) is *granted* in part and *denied* in part as follows:

1. The stay is **GRANTED** as to the '831 Patent.

2. The stay is **DENIED** as to the '050 Patent.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge