IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLINGTON INDUSTRIES, INC., : | |
|    Plaintiff, : | |
| : | CIVIL ACTION NO. 3:CV-06-1105 |
| v. : | |
| : | (JUDGE CAPUTO) |
| BRIDGEPORT FITTINGS, INC., : | |
|    Defendant. : | |

## MEMORANDUM

Before me is Defendant Bridgeport Fittings, Inc.'s Motion to Lift The Stay to Enter Summary Judgment on the '831 Patent or, In the Alternative, to Direct Entry of a Final Judgment Pursuant to Rule 54(b).  (Doc. 309.)

## BACKGROUND

On June 27, 2008, I granted a stay of the action between the parties regarding the '831 Patent pending a determination by the United States Patent and Trademark Office (PTO) of an *inter partes* examination.  I declined to enter a stay regarding the '050 Patent. (See Doc. 257.)  Thereafter, on September 18, 2008, I granted summary judgment in favor of Bridgeport as to non-infringement of the '050 Patent.  (See Doc. 307.)

Bridgeport now seeks to lift the stay as to the action involving the '831 Patent.  In view of the grant of summary judgment in its favor on the '050 Patent, and the Court's construction of claim of the '050 Patent and its similarity to Claim 1 of the '831 Patent, Bridgeport seeks to lift the stay to pursue dispositive action on the '831 Patent dispute between the parties.

In the alternative, Bridgeport seeks to have me certify Claim 8 of the '050 Patent order as a final judgment.

## DISCUSSION

Bridgeport makes several arguments to support its motion to lift the stay, namely (1) summary judgment in the '050 Patent matter applies to infringement of the '831 Patent; (2) Arlington makes no argument of no infringement of the '831 Patent; (3) Arlington makes no argument regarding the All Limitations Rule of the Doctrine of Equivalents; and, (4) the proceeding before the PTO is likely to take two to three years, and it relates only to the invalidity issue and the effective filing date.

Arlington counters by arguing that nothing has changed since the stay was granted; the relevant factors used to determine the question of whether or not to grant a stay are as viable today as they were at the time the stay was granted; Arlington has not conceded on non-infringement or the All Limitations Rule which impacts the Doctrine of Equivalents; and, Bridgeport has pointed to no harm or prejudice if the stay is not lifted.

At the time I granted the motion for stay, I considered several factors which have been considered by other courts dealing with whether to grant or deny a motion to stay a patent case, and I found that granting the stay here was a "close call". (Doc. 257 at p. 12.) Given that since the stay, summary judgment has been granted to Bridgeport on the '050 Patent; given that the issue before the PTO concerns the validity of the '831 Patent which turns on an issue of prior art; given the expiration of time the case has been before the PTO without a decision; and, given that the Congressional intent of having the PTO decide issues within its specialty is not necessary to this case, it is in the best interest of the movement of this case to conclusion to now lift the stay. The case can proceed on the '831

Patent and the ultimate conclusion of the case in this Court.

Moreover, since the entire case has not reached a conclusion, I will not certify the judgment on the '050 Patent as a final judgment as it would condone piecemeal litigation, which is simply not desirable in this case.

An appropriate Order follows.


Date: <u>February 12, 2009</u>          /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARLINGTON INDUSTRIES, INC., :
:
    Plaintiff, :
: CIVIL ACTION NO. 3:CV-06-1105
v. :
: (JUDGE CAPUTO)
BRIDGEPORT FITTINGS, INC., :
:
    Defendant. :

## ORDER

**NOW**, this 12th day of February, 2009, **IT IS HEREBY ORDERED**:

1. Defendant Bridgeport Fittings, Inc.'s Motion to Lift The Stay to Enter Summary Judgment on the '831 Patent or, In the Alternative, to Direct Entry of a Final Judgment Pursuant to Rule 54(b) (Doc. 309) is **GRANTED** and the Order of June 27, 2008 granting the stay as to the '831 Patent is **VACATED**.

2. The alternative motion to certify the summary judgment concerning the '050 Patent is **DENIED**.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge