# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARLINGTON INDUSTRIES, INC,

    Plaintiff,

v.

BRIDGEPORT FITTINGS, INC.,

    Defendant.

CIVIL ACTION No. 3:06-CV-1105

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff Arlington Industries, Inc.'s Motion for Reconsideration (Doc. 330). For the reasons stated in this Memorandum, the Court will deny Plaintiff's motion.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 ("federal question").

## BACKGROUND

Plaintiff Arlington and Defendant Bridgeport are competitors in the field of electrical connectors. (Def.'s Statement of Material Facts in Support of Mot. For Summ. J. ¶ 49, Doc. 114; Pl.'s Res. To Pl.'s Statement of Material Facts ¶ 49, Doc. 154.) This litigation involves the patents of two (2) of these electrical connectors. The first of these patents is U.S. Patent No. 5,266, 050 ("the '050 Patent"), which was issued to Messrs. O'Neill, Gretz, and Start on November 30, 1993. (Doc. 114 ¶ 1; Doc. 154 ¶ 1.) The second of these patents is U.S. Patent No. 6,521,831 ("the '831 Patent"), which was issued to Mr. Gretz on February 18, 2003. (Doc. 114 ¶ 2; Doc. 154 ¶ 2.) The '050 Patent is entitled "Quick-Connect Fitting for Electrical Junction Box." (Second Am. Compl. Ex. B, Doc. 102.) The '050 Patent is for an invention which relates to connectors for electrical junction boxes, specifically to an improved

connector that can be easily attached to an anchored junction box by pushing with one hand. (*Id.*) The '831 Patent is entitled "Duplex Electrical Connector with Spring Steel Cable Retainer." (Second Am. Compl. Ex. A, Doc. 102.) The '831 Patent is for an invention which relates to cable terminations and more particularly to duplex or two-wire cable terminations that snap into place and include snap-on cable retainers, neither of which requires twisting for locking. (*Id.*) Plaintiff Arlington alleged that Defendant Bridgeport's products infringed upon Claim 8 of the '050 Patent and Claim 1 of the '831 Patent. (Doc. 114 ¶ 3; Doc. 154 ¶ 3.)

On December 4, 2007, the Court issued its claim construction ruling, construing certain terms at issue in the '050 Patent and the '831 Patent. (Doc. 114 ¶ 5; Doc. 154 ¶ 5; Mem. & Order, Dec. 4, 2007, Doc. 98.) One of the terms at issue in Claim 8 of the '050 Patent was a "spring metal adaptor." (Doc. 114 ¶ 6; Doc. 154 ¶ 6.) The Court construed this term to mean "a split ring or split spring metal adaptor so as to allow the diameter to easily change." (Doc. 114 ¶ 7; Doc. 98 at 32.) The Court also concluded that the limitation of "spring steel adaptor" in Claim 1 of the '831 Patent is subject to the same analysis as the "spring metal adaptor" in the '050 Patent. (Doc. 114 ¶ 11; Doc. 98 at 30.)

On September 18, 2008, the Court granted three (3) of Defendant Bridgeport's motions for summary judgment with respect to the '050 Patent. (Doc. 307.) After lifting a previously-instituted stay on claims involving '831 Patent, (Doc. 325), the Court also granted Defendant Bridgeport's motions for summary judgment with respect to the '831 Patent on May 8, 2009. (Doc. 328.) On May 22, 2009, Plaintiff Arlington filed the current Motion for Reconsideration (Doc. 330) along with a corresponding Brief in Support (Doc. 331). Defendant Bridgeport responded with a Brief in Opposition (Doc. 333) on June 2, 2009,

2

Arlington filed its Reply Brief (Doc. 336) on June 12, 2009, and the Court heard oral arguments from Plaintiff and Defendant on August 5, 2009. Accordingly, the Court believes that the current motion has been thoroughly briefed and argued and is now ripe for disposition.

## LEGAL STANDARD

**I.      Rule 59(e)**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and

3

such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**II.     Rule 60(b)(6)**

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgement, order, or proceeding in cases of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A movant under Rule 60(b) must "show 'extraordinary circumstances' justifying reopening of the final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). However, the court has discretion when vacating a judgment. *See Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004). "A motion under Rule 60(b)(6) should be granted when 'appropriate to accomplish justice.'" *Boughner v. Secretary of Health, Education & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)).

## DISCUSSION

In its current motion and supporting briefs, Plaintiff Arlington presents several arguments in support of its argument that the Court erred as a matter of law when it granted summary judgment of non-infringement on the '831 and '050 Patents. Notably, Arlington argues that: (1) the Court erred when it determined that the term "spring steel adaptor" as

4

used in the Patents required a split metal ring, (Doc. 331, at 5-9); (2) the Court erred when it, rather than a jury, determined that the accused Bridgeport products were not "split," did not meet the claim construction of "spring steel adaptor," and did not literally infringe on Arlington's products, (*Id.*, at 9-11); (3) the Court erred by applying an erroneous standard to its determination of infringement under the Doctrine of Equivalent and the All Limitations Rule, (*Id.*, at 11-16); and (4) the Court erred when deciding the various motions for summary judgment because it applied a claim construction that differed from the claim construction established in its December 4, 2007 ruling, (*Id.*, at 17-18). In addition to these infringement-related arguments, Arlington also argues that the Court erred in its application of prosecution history estoppel. (*Id.*, 18-21.)

In opposition to these arguments, Defendant Bridgeport first argues that Plaintiff's current motion is premature because this Court has not entered a "final" judgment or order. (Doc. 333, at 3-6.) Second, Bridgeport argues that Arlington's arguments concerning the Court's claim construction and the Court's Order granting summary judgment in favor of Bridgeport on the '050 Patents are untimely. (*Id.*, at 6-8.) Third, Bridgeport argues that Arlington's current motion impermissibly attempts to relitigate issues that have already been considered and decided by the Court. (*Id.*, at 8-17.) Fourth, Bridgeport argues that the Court did not err in its May , 2009 Order granting summary judgment because the Court did not err in its doctrine of equivalents analysis, did not err in its application of the all limitations rule, and did not apply a claim construction from that established in the Court's December 4, 2007 ruling. (*Id.*, at 18-21.) Finally, Bridgeport argues that this Court should promptly enter a final judgment in order to preserve judicial resources and protect Bridgeport from

5

potential relitigation of the same issues in a case currently before Judge Connor.  (*Id.*, at 21-22.)

Plaintiff's current motion seeks reconsideration of the Court's Memorandums and Orders granting Defendant Bridgeport's motions for summary judgment with respect to the '050 and '831 Patents (Docs. 307 & 328).  Middle District of Pennsylvania Local Rule 7.10 states, in relevant part, that "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within ten (10) days after the entry of the judgement, order or decree concerned."  M.D.PA. L.R. 7.10.  Moreover, Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  FED. R. CIV. P. 59(e).  Plaintiff's current motion was filed on May 22, 2009, less than ten (10) days following the Court's May 8, 2009 Memorandum and Order concerning the '831 Patent, but over eight (8) *months* after entry of the Court's September 18, 2008 Memorandum and Order concerning the '050 Patent.

As Arlington's current arguments concerning the '050 Patent and the Court's September 18, 2008 Memorandum and Order would be untimely under both Local Rule 7.10 and Federal Rule of Civil Procedure 59(e), Arlington requests reconsideration of the '050 Order pursuant to Federal Rule of Civil Procedure 60(b)(6), in order to "correct an error of law and to prevent manifest injustice. . .."  (Doc. 331, at 3.)

While Plaintiff Arlington argues that the Court's Memorandums and Orders granting summary judgment in favor of Bridgeport constitute a clear errors of law resulting in an unjust outcome, Arlington does not argue that there has been an intervening change in controlling law or that new evidence has come available since the Court granted Bridgeport's summary judgement motions.

Reviewing Arlington's motion, supporting briefs, and arguments stating that the Court's earlier Orders constituted errors of law, the Court finds that Plaintiff Arlington seeks to reinstate several arguments that the Court has already considered. Most notably, Arlington seeks to revisit the Court's claim construction, and subsequent application, of the term "spring steel/metal adaptor." Thus, the current motion and supporting briefs reassert arguments that Arlington has already presented to the Court prior to and during the July 6, 2007 *Markman* hearing, and again in Arlington's opposition to Defendant Bridgeport's motions for summary judgment.[1] Arlington similarly attempts to renew already-presented arguments with respect to the prosecution history of U.S. Patent Number 5,171,164, prosecution history estoppel, the doctrine of equivalents, and the all limitations rule. Accordingly, the Court finds that Plaintiff Arlington's current motion and supporting briefs simply voices disagreement with the Court's Memorandums and Orders granting summary judgment in favor of Defendant Bridgeport.

As already noted, a motion for reconsideration is not a means to relitigate a point of disagreement between the Court and the litigant. *Ogden*, 226 F. Supp.2d at 606. Furthermore, the Court does not believe that a party's disagreement with a prior order or judgement sufficiently displays the "extraordinary circumstances" warranting relief from that judgment or order. The Court will, accordingly, deny Plaintiff Arlington's Motion for Reconsideration brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6).

---

[1] The Court observes that, as noted by Defendant Bridgeport in its opposition brief, several of the arguments Arlington offers in support of the current motion appear to be copied verbatim from briefs previously submitted to the Court prior to the July 6, 2007 *Markman* hearing and in opposition to Defendant Bridgeport's motions for summary judgment.

**CONCLUSION**

As Plaintiff has not shown an intervening change in controlling law, the availability of new evidence, or a clear error of law or fact that rises above Plaintiff's mere disagreement with the Court's prior Orders, and because Plaintiff has not shown the Court that there are extraordinary circumstances entitling Plaintiff to relief from these prior Orders, the Court will deny Plaintiff Arlington Industries, Inc.'s Motion for Reconsideration (Doc. 330).

An appropriate Order follows.

| | |
|---|---|
| August 28, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLINGTON INDUSTRIES, INC., | |
|    Plaintiff, | CIVIL ACTION No. 3:06-CV-1105 |
|    v. | (JUDGE CAPUTO) |
| BRIDGEPORT FITTINGS, INC., | |
|    Defendant. | |

## **ORDER**

Now, this  28th  day of August, 2009, it is **HEREBY ORDERED** that Plaintiff Arlington Industries, Inc.'s Motion for Reconsideration (Doc. 330) is **DENIED**.

                                        /s/ A. Richard Caputo  
                                        A. Richard Caputo  
                                        United States District Judge